UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEARNEY PARTNERS FUND, LLC, by and through LINCOLN PARTNERS FUND, LLC, Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, ~~by and through its agent, the~~ INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No. 2:11-cv-~~0475~~ 4075 (KM)(MCA)<br><br>Civil Action No. 2:10-cv-153-CEH-SPC and consolidated cases (Middle District of Florida)<br><br>MEMORANDUM OPINION |

## KEVIN MCNULTY, U.S.D.J.:

The United States Government brought this action to compel Rabner, Allcorn, Baumbert & Ben-Asher, P.C. ("Rabner Allcorn") to produce documents responsive to a subpoena issued in connection with five consolidated actions pending in the United States District Court for the Middle District of Florida. Rabner Allcorn produced a large number of documents in response to the subpoena, but objected to the production of sixty-three (63) documents, asserting attorney-client privilege, work product privilege, and/or the tax advice privilege pursuant to 26 U.S.C. § 7525 of the Internal Revenue Code.

On July 13, 2012, then Magistrate Judge Shipp[1] denied the Government's motion to compel on two alternative grounds: (1) the documents were protected by the attorney-client privilege and the privilege had not been waived; and (2) the requested documents were subject to being withheld from discovery under the work-product doctrine. Opinion and Order, ECF no. 31, at 9 ("the Court determines that even if the Communications were not protected by the attorney-client privilege, they would remain shielded from discovery by the work product doctrine.")

This matter comes before the Court on the Government's appeal of Magistrate Judge Shipp's July 13, 2012 Opinion and Order denying the Government's motion to compel. Importantly, the Government has appealed only Judge Shipp's finding that there was no waiver of the attorney-client privilege. The Government has not appealed Judge Shipp's ruling with respect to the work product doctrine.

For the reasons set forth below, the Government's appeal is **DENIED** and Magistrate Judge Shipp's order is affirmed.

I.  **BACKGROUND**

Because the Court writes only for the parties, this Memorandum Opinion is limited to matters essential to the resolution of the motion. The Plaintiffs in the consolidated Florida actions are LLC's that the IRS determined were formed

---

[1] Judge Shipp is now a United States District Judge in the District of New Jersey.

and availed as part of an abusive tax shelter through which an individual taxpayer, Raghunathan Sarma, sought to artificially generate a capital loss of more than $77,000,000. After an audit of Plaintiffs' tax returns the IRS proposed adjustments to the returns that effectively disallowed the loss claimed by Mr. Sarma. Plaintiffs are challenging the adjustments in the United States District Court for the Middle District of Florida. Rabner Allcorn advised Mr. Sarma in connection with the investments at issue in the underlying consolidated litigation.

In early January 2011, the IRS served Rabner Allcorn with a subpoena seeking production of documents generated or received by the firm relating to the disputed investments. When Rabner Allcorn objected to the production of sixty-three (63) documents the Government commenced this action to obtain the disputed documents. After conducting an *in camera* review, Judge Shipp issued a 10-page written opinion finding the communications protected under *both* the attorney-client privilege and the work product doctrine. The Government now asks this Court to reverse that decision and order Rabner Allcorn to produce the withheld documents.

## II. LEGAL STANDARD

The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters. Where

the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, an abuse of discretion standard is appropriate. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan,* 183 F.R.D. 119, 127 (D.N.J. 1998); *Deluccia v. City of Paterson,* No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery,* 177 F.R.D. 205, 214 (D.N.J. 1997)(internal quotations omitted); *see Deluccia,* 2012 WL 909548, at *1 (same). Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions. *See Koon v. United States,* 518 U.S. 81, 100 (1996).

### III.   DISCUSSION

Rabner Allcorn asserted the work product doctrine as the basis of withholding all 63 of the documents as issue here, and Magistrate Judge Shipp upheld all 63 assertions of work product, after his *in camera* review. Judge Shipp reviewed the documents in question and concluded that the "motivating purpose behind the creation of the Communications was to aid in future litigation." Opinion and Order, ECF no. 31, at 9.

Aside from vague references to "the privileges," (*See e.g.,* Government Br. at 4, 11), the IRS' appeal fails to mention the work product doctrine. Plainly, the IRS does not attempt to show that Judge Shipp's detailed legal analysis of

the work product doctrine was erroneous. Thus, even if I were to accept the arguments advanced in the Government's brief regarding waiver of the attorney-client privilege, it would not result in the relief requested. Simply put, the Government has failed to even disagree with Judge Shipp's work product ruling, let alone show that it was clearly erroneous or contrary to law.

## IV. CONCLUSION

For the reasons stated above, the Government's appeal of Magistrate Judge Shipp's July 13, 2012 Opinion and Order denying its motion to compel is **DENIED**. An appropriate order follows.

*[signature]*
KEVIN MCNULTY
United States District Judge

Date: April 18, 2013